**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KYLE HOKETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-447-PRW** |
| | ) | |
| **FRANK BISIGNANO, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by David F. Chermol. (Doc. 18). United States District Judge Patrick R. Wyrick referred the filing to the undersigned Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(B) and (C). (Doc. 20). For the reasons set forth fully below, the undersigned recommends that the Court **GRANT** the Motion and **grant an award of fees** in the amount of **$18,620.50**.

## I. Procedural Background

Plaintiff Kyle Hokett retained David F. Chermol to appeal the Social Security Administration's ("SSA's") denial of his applications for disability insurance benefits. (Doc. 18, at Ex. 2). The contract between Plaintiff and Mr. Chermol provided for payment of an attorney fee contingent upon Plaintiff prevailing before the federal court and ultimately being awarded benefits by the SSA. (*Id*. at 1). Under the contract, Plaintiff

agreed to an attorney fee in the amount of twenty-five percent (25%) of past-due benefits. (*Id*. at 1, 2)

Plaintiff prevailed in federal court. In an Order and Judgment dated August 22, 2024, the Court reversed the decision of the SSA and remanded the case for further administrative findings. (Docs. 13, 14). On remand, Plaintiff was awarded past-due benefits of $74,482.00. (Doc. 18, at Ex. 1, at 5). Plaintiff's counsel now requests a fee award in the amount of $18,620.50. (Doc. 18, at 6). The Commissioner responded to but neither supports nor opposes Plaintiff's Motion. (Doc. 19).

## II. Fees For Representation

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht*, 535 U.S. at 789. For

a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded under EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**III. Award Of § 406(b) Fees**

Mr. Chermol has requested § 406(b) fees in the amount of $18,620.50 and has attached a billing summary reflecting a total of 29.8 attorney hours expended in 2024. (Doc. 18, at Ex. 3). This amounts to an hourly rate of $624.85, which the undersigned finds reasonable. *See, e.g., Sprehe v. Bisignano*, No. CIV-22-844-CMS, 2025 WL 4103381, at *2 (W.D. Okla. May 15, 2025) (finding hourly rate of $687.50 to be reasonable); *Brinkley v. King*, No. CIV-23-112-D, 2025 WL 715379, at *1 n.1 (W.D. Okla. Mar. 5, 2025) (finding fee request reasonable when it resulted in an approximate hourly rate of $600.12); *Sumner v. Saul*, No. CIV-17-725-G, 2019 WL 4567577, at *2 (W.D. Okla. Sept. 19, 2019) (finding reasonable an attorney fee request that amounted to an effective hourly rate of $658.13). Further, the $18,620.50 fee request does not exceed twenty-five percent (25%) of the total awarded past-due benefits, and is, therefore, in line with both the contractual agreement and § 406(b). After consideration of the file and submissions, the undersigned finds the requested amount to be reasonable.

**IV. Plaintiff's Award Of Attorney Fees Under The EAJA**

On November 4, 2024, Plaintiff was awarded EAJA attorney fees in the amount of $6,500.00 as the prevailing party. (Doc. 17). The Court ordered that "if Plaintiff's counsel is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b), he shall refund the lesser

award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)." (*Id.* at 1).

Mr. Chermol seeks to "effectuate the EAJA refund here by reducing the amount of 406(b) fees sought for payment by the SSA." (Doc. 18, at 2) (citing *Jackson v. Cmm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010)). Thus, he seeks direct payment of fees of $12,120.50 ($18,620.50 less the $6,500.00 in EAJA fees). (*Id.*) "The Commissioner takes no position on the request to award a netted 406(b) award." (Doc. 19, at 2). There are some examples in this circuit where this type of arrangement has been allowed. *See Young v. Kijakazi*, No. CIV-20-613-HE, ECF No. 30, at *1 n.1, 3 (W.D. Okla. Aug. 26, 2024); *Karianne L. v. Dudek*, No. 2:23-CV-00226, 2025 WL 1347144, at *4 (D. Utah May 8, 2025) ("[R]ather than refunding the $5,550 EAJA fee, [counsel] proposes subtracting the EAJA fee from the gross fee award under § 406(b) and ordering a net payment for the remainder. The order below reflects this proposal, which the Commissioner does not oppose."). However, the Court has already determined that Mr. Chermol "shall refund the lesser award to Plaintiff." (Doc. 17, at 1). Mr. Chermol does not make any argument that it would be difficult for him to effectuate the refund. So, the undersigned sees no reason to recommend deviation from the Court's prior order, which reflects this district's typical practice. Thus, the undersigned recommends that Mr. Chermol be awarded the entire attorney fee and return $6,500.00 to Plaintiff. *See Weakley*, 803 F.3d at 580.

## V. Recommended Ruling and Notice of Right to Objection

For the reasons discussed above, the undersigned recommends that the Court **GRANT** the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 18). The

Court should award Plaintiff's attorney, David F. Chermol, attorney's fees in the amount of **$18,620.50**, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). If, at the time this Order is executed, the Commissioner does not possess an amount sufficient to pay the entirety of the award indicated above, the Court should order that the Commissioner pay whatever remains in its possession, and it shall be David F. Chermol's responsibility to collect the remainder owed from the Plaintiff, not to exceed the total amount of the award — $18,620.50.[1] And David F. Chermol should be ordered to return $6,500.00 – the amount of the EAJA award – to Plaintiff.

**The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 31, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

[1] The undersigned notes that while the Commissioner may withhold up to 25% of past-due benefits for attorney fees, "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) [i.e.–$6,000] and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

ENTERED this 17th day of July, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE